**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Steve A. HICKS, Defendant—Appellant.**

No. 01–30146.

D.C. No. CR–00–00001–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Steve A. Hicks ("Hicks") appeals pro se the district court's affirmation of his conviction in magistrate court for operating a motorcycle in an area of Lolo National Forest closed to motor vehicles by a Forest Service closure order, in violation of 36 C.F.R. § 261.55(b). Hicks drove a motorcycle on a Forest Service trail while acting as an agent of Kenton Lewis ("Lewis"), an owner of subsurface mineral rights in Lolo National Forest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse because Hicks's conviction is based upon a plain legal error.

1. Standard of Review

This court reviews for plain error when an appellant raises an issue on appeal that the appellant did not raise before the lower court. *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). The Forest Service closure order exempts landowners from its provisions, but Hicks did not rely upon the landowner exemption before the magistrate court. Hence, we review for plain error. This court has discretion to grant relief under the plain error standard if there has been (1) an error; (2) that is plain; and (3)

---

affects substantial rights. *Id.* at 389, 119 S.Ct. 2090.

## 2. Both Lower Courts Committed A Plain Error By Determining The Landowner Exemption Did Not Apply To Hicks

Mineral rights are ownership in land, and therefore Lewis is a landowner. *See, e.g., United States v. Shoshone Tribe of Indians of Wind River Reservation in Wyo.,* 304 U.S. 111, 116, 58 S.Ct. 794, 82 L.Ed. 1213 (1938) (with respect to question of ownership, "[m]inerals ... are constituent elements of the land itself"); *British–American Oil Producing Co. v. Bd. of Equalization of State of Mont.,* 299 U.S. 159, 164–65, 57 S.Ct. 132, 81 L.Ed. 95 (1936) (finding a mineral estate an estate in land); *Texas Pac. Coal & Oil Co. v. State,* 125 Mont. 258, 234 P.2d 452, 453 (1951) ("[l]ands as a word in the law includes minerals"). We need not decide whether the term "landowner" as it is used in Forest Service regulations and orders always includes owners of mineral estates. Here, the government conceded at oral argument that Lewis is a landowner under the terms of the closure order before us and thus exempt from this closure order. The landowner exemption in this closure order must necessarily apply to agents of landowners. For example, corporate landowners can only access their land through agents. Hicks, as Lewis's agent, is therefore also exempt.

Because the trial courts did not recognize mineral rights as ownership in land, and because this error adversely affected Hicks's entitlement to the landowner exemption, we exercise our discretion to correct this plain error.

REVERSED AND REMANDED WITH AN INSTRUCTION TO ENTER A JUDGMENT OF NOT GUILTY.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.